UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHOMAN KASBEKAR,
SUSHAMA S. KASBEKAR and
SHEKHAR M. KASBEKAR

     Plaintiffs,

    v.

IVY STATION COMMUNITY
ASSOCIATION, INC., WEISSMAN,
P.C. and JASON LOMONACO,

     Defendants.

CIVIL ACTION NO.
1:18-cv-05928-JPB

## ORDER

Before the Court is Plaintiffs Shoman Kasbekar ("Shoman"), Sushama S. Kasbekar ("Sushama") and Shekhar M. Kasbekar's ("Shekar") (collectively "Plaintiffs") Motion to Alter or Amend Judgment ("Motion").  ECF No. 83. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

## I.    BACKGROUND

The facts as stated in the Complaint and exhibits attached thereto are detailed in the Court's January 13, 2020 Order dismissing the Complaint ("Dismissal Order") and are not repeated in full here.  Additional facts are set forth in the Court's September 8, 2020 Order denying Plaintiffs' Motion for

Reconsideration ("Reconsideration Order"), which amended the Dismissal Order in certain respects.

In sum, Plaintiffs allege that Sushama and Shekar held fee simple title to property located in Gwinnett County, Georgia (the "Property") and that they entered into an agreement to transfer ownership of the Property to Shoman when he reached the age of twenty-one. However, in 2007, the Gwinnett Court entered a judgment against Sushama and Shekar on claims brought by the homeowners' association governing the Property, ordering them to take certain steps to remedy covenant violations and finding them liable in the amount of $58,582.16 for fines, past due assessments, attorneys' fees and costs. The court thereafter issued a writ of *fieri facas* on the Property, and it was sold on August 5, 2008.

In this latest Motion, Plaintiffs seize on the Court's amendment of the Dismissal Order as grounds to rehash and relitigate matters regarding which the Court has already ruled. Pretermitting the issue of whether a second motion for reconsideration is proper in this case, the Court addresses the substance of Plaintiffs' Motion.

## II.   **DISCUSSION**

Plaintiffs seek a reconsideration of the Court's Dismissal Order pursuant to Federal Rule of Civil Procedure 59(e) and Northern District of Georgia Civil Rule

7.2(E).  They contend that reconsideration is necessary because the Court committed "clear error" in eight enumerated instances.

Defendants respond that Plaintiffs' Motion should be denied because the Court's orders are "well founded and accurate," and the "suggestion that the Court has deliberately fabricated facts and misrepresented law is wholly improper, unsupported and incorrect."

"Courts may grant relief under Rule 59(e) or Local Rule 7.2E only if the moving party clears a high hurdle."  *Chesnut v. Ethan Allen Retail, Inc.*, 17 F. Supp. 3d 1367, 1370 (N.D. Ga. 2014).  Indeed, "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Significantly, "neither Rule 59(e) nor Local Rule 7.2E affords a dissatisfied party an opportunity to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."  *Chesnut*, 17 F. Supp. 3d at 1370.  A motion for reconsideration is not "an opportunity to show the court how it 'could have done it better.'"  *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

Here, with the exception of one argument, all of the issues Plaintiffs raise in the instant Motion have already been addressed by the Court in the Dismissal Order and/or the Reconsideration Order. As such, the Court will address only the one issue not previously addressed.

In its Reconsideration Order, the Court stated that assuming, for the purpose of argument, Shoman was a third-party beneficiary of the agreement, he could bring a tort claim only if Defendants owed him a legal duty independent of the agreement. Plaintiffs argue that this statement is erroneous because a third-party beneficiary may bring a tort claim for interference with the third-party's rights under a contract. They conclude that Shoman's claim for tortious interference with contractual relations should therefore survive.

While it is true that a well-pleaded tortious interference with contractual relations claim could demonstrate the requisite independent legal duty, the allegations in Count Twenty-One of Plaintiffs' Complaint are inadequate in this regard. "To support a verdict for tortious interference with business relations the evidence must show the defendant '(1) acted improperly and without privilege, (2) purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) for which the plaintiff suffered some financial injury.'" *Arford v. Blalock*, 405

S.E.2d 698, 704 (Ga. Ct. App. 1991).  Significantly, "[a] party cannot intentionally and maliciously induce a breach of a contract of which he or she is unaware." *Medlin v. Morganstern*, 601 S.E.2d 359, 362 (Ga. Ct. App. 2004) (noting that "[i]n the absence of evidence to contradict the [defendants'] evidence that they lacked both constructive and actual knowledge of [the plaintiff's] interest in the [contract], the trial court did not err in granting summary judgment on [the plaintiff's] claim for tortious interference with contractual relations"); *Tom's Amusement Co. v. Total Vending Servs.*, 533 S.E.2d 413, 418 (Ga. Ct. App. 2000) (finding that because the defendant was not aware of the agreement until the lawsuit was filed, the plaintiff could not meet the "intent prong" of the tortious interference with contract claim); *Allstate Beer, Inc. v. Julius Wile Sons & Co.*, 479 F. Supp. 605, 612 (N.D. Ga. 1979) (stating that "[b]ecause it [was] established that the defendant had no prior knowledge of any relationship between the plaintiff and [the third party], the plaintiff cannot make out a claim for interference with contractual relationships based on the defendant's purported inducement to [the third party] to breach its relationship with the plaintiff"); *Carolina Furniture Co. v. Rhodes, Inc.*, 603 F. Supp. 69, 76 (S.D. Ga. 1984) (emphasizing that "[w]ithout knowledge of the contractual relationship there can be no intentional interference with the relationship").

Applying the reasoning of these cases here, it is clear that Plaintiffs have failed to state a claim with respect to the tortious interference with contractual relations count.  As Defendants argued in their motion to dismiss brief, there is no allegation—either within Count Twenty-One or the rest of the Complaint—that Defendants knew of the alleged agreement between Sushama and Shekhar to transfer the Property to Shoman.[1]  Therefore, Plaintiffs have failed to allege the requisite knowledge to support their tortious interference claim.  This omission is fatal to the claim, and the Court's dismissal of Count Twenty-One as well as the other counts of the Complaint stand.

Based on the foregoing analysis, Plaintiffs' Motion (ECF No. 83) is **DENIED**.

**SO ORDERED** this 2nd day of August, 2021.

**J. P. BOULEE**
United States District Judge

---

[1] Plaintiffs do not rebut this argument in their response brief.